IN RE GONZÁLEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Case of
Contempt in Proceedings for Judicial Administration.

MOTION of Juana Franco Oliver for Dismissal of Appeal.

No. 1248.—Decided January 28, 1915.

JUDICIAL ADMINISTRATION—INTERESTED PARTY—PROVISIONAL SUPPORT.—In a pro-
ceeding for judicial administration of the estate of a deceased person the
widow is an interested party, especially when an order has been entered
requiring the administrator to pay her a certain sum monthly for her pro-
visional support.

CONTEMPT—CIVIL CONTEMPT—CRIMINAL CONTEMPT.—Civil contempt consists in
the disobedience of an order entered in a civil proceeding for the benefit
of an adverse party to the proceeding, while criminal contempt is the com-
mission of certain acts which show disrespect for the court, obstruct the
administration of public justice or tend to discredit the court, such as dis-
orderly conduct in the presence or immediate vicinity of the court, acts of
violence which interrupt its proceedings, interference with property in its
custody or misconduct towards its officers.

ID.—CIVIL CONTEMPT—ADVERSE PARTY.—When the contempt is of a civil char-
acter the party injured by the disobedience of the order of the court is
really the adverse party to the suit with an interest and a right to intervene
in the result of the contempt proceedings. Applying the said rule to this
particular case, it must be concluded that the widow of the deceased, who
is an interested party and injured by the disobedience of the order entered
in the proceedings for judicial administration, is an adverse party to the
contempt proceeding.

ID.—DISMISSAL OF APPEAL—SERVICE OF NOTICE OF APPEAL.—The notice of appeal
not having been served on an adverse party really interested, the appeal
should be dismissed.

The facts are stated in the opinion.

Mr. Juan García Ducós for Juana Franco Oliver.

The appellant did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a case of contempt in which Juana Franco Oli-
ver, by her attorney, filed a motion for dismissal of the ap-
peal on the ground that no notice of the appeal had been
served upon her as an interested party, or upon the *fiscal.*

From the record filed in the office of the secretary of this
court it appears that in proceedings for a judicial adminis-
tration prosecuted by Pedro Delíz Sosa, *ex parte,* in the Dis-

trict Court of Aguadilla, in civil case No. 1520, Juana Franco
Oliver appeared and alleged, in synopsis, that the court had
ordered the judicial administrator, José González Abreu, to
pay to her as the widow of Santos Delíz Sosa, deceased, a
certain sum of money monthly for her provisional support,
and that the administrator had repeatedly refused to obey
the said order. She concluded by praying that the adminis-
trator be ruled to appear before the district court to show
cause why he should not be punished for contempt.

The administrator was summoned and on October 15,
1914, he and the widow appeared before the court and a hear-
ing on the rule to show cause was had. On November 9, 1914,
the court rendered judgment sentencing the administrator
to pay a fine of $50 to The People of Porto Rico or, in default
thereof, to imprisonment for one month. The administrator
appealed from the said judgment and a transcript of the
record was filed in the office of the secretary of this court
on December 12, 1914. The notice of appeal is included in
the said transcript, but there is nothing to show that it was
served on anyone.

This being the status of the case, the widow, Juana
Franco Oliver, filed the motion for dismissal referred to
at the outset, accompanied by a certificate issued by the Sec-
retary of the District Court of Aguadilla attesting that the
notice of appeal taken by the administrator, González Abreu,
was not served "on the *fiscal* or on the mover for the rule
to show cause, Juana Franco Oliver, or on her attorney."
Copies of the motion and of the accompanying certificate
were sent to the attorney for the administrator.

On January 25, instant, a hearing on the motion was held
in this court in the absence of both parties, whose respec-
tive attorneys had been notified, and the case was definitely
submitted to our consideration for decision.

The first question which we must consider is whether
Juana Franco Oliver was an interested party in civil case
No. 1520 for judicial administration. In our opinion there

is no doubt that she was, inasmuch as the case was for the judicial administration of the estate of her deceased husband and an order had been made therein requiring the administrator to pay her a certain sum monthly for her provisional support.

This point being settled, the next question that presents itself is whether the said Juana Franco Oliver is an interested party in the contempt proceeding.

To decide this second question we must determine first whether the contempt proceeding against the administrator is civil or criminal.

In the case of *Oronoz* v. *Montalvo*, 21 P. R. R., 331, this court, through Mr. Justice Aldrey, expressed itself as follows:

"It is true, as the petitioner maintains, that there is a distinction between strictly criminal contempt and what is generally known as civil or constructive contempt. The rule distinguishing one from the other may be synthesized as follows: Civil contempt consists in the failure of a person to do something which the court ordered him to do for the benefit or advantage of another party to the proceedings before the court, while criminal contempt is committed by acts showing disrespect for the court or its proceedings, obstructing the administration of public justice or tending to discredit the court, such as disorderly or insulting conduct in the presence or immediate vicinity of the court, or acts of violence which interrupt its proceedings, as well as disobedience of its orders, interference with property in its custody, or misconduct towards its officers. Repalje on Contempts, p. 25. *In re Wilson,* 17 Pac., Rep., 699; *Snow* v. *Snow,* 43 Pac. Rep., 621; *Gompers* v. *Buck's Stove & R. Co.,* 33 App. Cases, District of Columbia, 564; 9 Cyc., 6.

"When the contempt is strictly civil the party injured by the disobedience is really the adverse party to the suit, who, as such, is interested and has a right to intervene in the result of the contempt. Thus we find in many cases that the parties to the suit are the parties to the contempt proceedings and to the appeal when taken. *Hayes* v. *Fischer,* 102 U. S., 122, and cases previously cited."

Applying the above general rule, the case under consideration must be classified as of a civil character, and this being

the case, the second question involved, *i. e.*, whether Juana Franco Oliver was an interested party to the contempt proceeding, must be decided in the affirmative.

Having reached the foregoing conclusions, the appeal must be dismissed because of failure to serve notice on an adverse party really interested. Said lack of notice not only appears from the transcript itself filed by the appellant, but is shown also by the certificate issued by the secretary of the trial court. Moreover, the appellant had ample opportunity to prove that notice was served in some form that could be considered legal and did not do so.

An appeal is taken by delivering to the secretary of the court in which the judgment or order appealed from was rendered or entered, a notice stating that an appeal is taken from the same or some specific part thereof and serving a similar notice on the adverse party or his attorney. Section 296 of the Code of Civil Procedure.

Failure to serve notice of the appeal on the adverse party is ground for dismissal of the appeal. *Candelas* v. *Ramírez,* 20 P. R. R., 31.

One of the essential requirements in order that an appeal may be deemed to have been taken being the service of notice of the same on the adverse party, as required by section 296 of the Code of Civil Procedure, when it does not appear from the transcript of the record that this formality has been complied with, the appeal should be dismissed. *Rondón* v. *Mollfulleda,* 16 P. R. R., 164.

Since the jurisdiction of this court to hear an appeal does not depend upon proof in the record of service of notice, but on whether or not such notice was actually served, the appeal will not be dismissed if the appellant prove satisfactorily that such service was made, and this he has not done in this case. *Rondón* v. *Mollfulleda, supra.*

The appeal should be

*Dismissed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.